UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:

       Mary E. Pagan

                        Debtor.

Case No. 09-32037-5-mcr
Chapter 13

---

Appearances:

Mark W. Swimelar
Standing Chapter 12 & 13 Trustee
250 South Clinton Street
Syracuse, New York 13202

Lynn Harper Wilson, Esq.
Staff Attorney

Law Office of Kevin D. Burgess
Attorneys for Debtor
1002 East Division Street, Number 5
Syracuse, New York 13208-2939

Kevin D. Burgess, Esq.

Hon. Margaret Cangilos-Ruiz, United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

The chapter 13 trustee ("Trustee") objects to confirmation of the plan proposed by Mary E. Pagan ("Debtor") under § 1325 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (2010) (hereinafter "Bankruptcy Code" or "Code"). At issue is whether Debtor is committing all of her "projected disposable income" to make payments to unsecured creditors under the plan as required by Code § 1325 (b)(1)(B) when she includes her employer's portion of her health insurance premium as a Living Expense Deduction on Line 39 of Form 22C[1] but does not correspondingly reflect that premium payment as income on Line 2 of Form 22C or Schedule I.[2]

---

[1] Official Form 22C, "Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income" enacted pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

[2] Schedule I, "Current Income of Individual Debtor(s)," is the required official form ("Official Form 6I") completed by a debtor pursuant to Code § 521(a)(1)(B)(ii).

1

This memorandum-decision incorporates the court's findings of fact and conclusions of law as permitted by Fed. R. Bankr. P. 7052.

## JURISDICTIONAL STATEMENT

The court has core jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1) and (b)(2)(L).

## PROCEDURAL HISTORY

Debtor commenced this case by filing a chapter 13 petition on July 21, 2009. Debtor filed an initial chapter 13 plan on September 11, 2009, and an amended plan (Dkt. No. 25) together with an amended Form 22C and amended schedules (Dkt. Nos. 22 and 23) on May 24, 2010. In advance of this court's June 16, 2010 confirmation hearing on the amended plan, the Trustee objected to confirmation. The confirmation hearing has been adjourned out to December 7, 2010 at 2 p.m. pending further briefing and a decision on the discrete issue of how Schedule I and Form 22C should account for expenses related to Debtor's health insurance premium. This decision is limited to addressing the treatment of the health insurance premium and will not address the other pending objections to confirmation of the amended plan.[3] The parties completed their briefing schedule and the matter is now framed for decision by this court.

## BACKGROUND FACTS

Debtor's Form 22C reflects a *negative* $ 1,739 of "monthly disposable income."[4] Debtor's Schedule J reflects a *negative* $ 1,174 of "monthly net income." Debtor calculated her annualized current monthly income at $ 138,336.00.[5] Because Debtor's annualized current

---

[3] By separate pleading, Debtor has also sought affirmative relief regarding potential tax liabilities to the Internal Revenue Service, New York State Department of Taxation and Finance and Department of Labor which is the subject of a separate motion and not addressed herein.

[4] Debtor did not complete Line 59 on Form 22C, but the court deduced monthly disposable income by subtracting Line 58 ($ 13,267.00) from Line 53 ($ 11,528) to arrive at the negative $ 1,739.00.

[5] Debtor determined this amount by averaging the total income received monthly for the six months prior to filing [Form 22C Line 2] and multiplying the result by 12 [Form 22C Line 14].

2

monthly income of $ 138,336.00 is above the applicable median family income for a household of four, Debtor is an "above median" debtor, requiring a plan commitment of 60 months.

Debtor's amended plan proposes monthly payments of $ 349.00 for the first twelve months of the plan, which have already past, and monthly payments of $ 550.00 for the continuing forty-eight months of the plan. Debtor also proposes a dividend of not less than 3 % to unsecured creditors. It is unclear how the proposed $ 550.00 monthly payment is calculated.[6]

On Amended Schedule I, Debtor states that $ 350 is deducted monthly by her employer for health insurance from her gross wages of $ 3,325.00. In response to an instruction on Schedule J to list expenses for health insurance at Line 11(c) that are "not deducted from wages or included in home mortgage payments," Debtor lists an expense of $ 352.00 for health insurance which, presumably, would be in addition to the payroll deduction noted on Schedule I. In response to the instruction at Line 39 on Form 22C to "List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents," Debtor represents her monthly health insurance expense at $ 1,264.00.[7] Within Line 39 on Form 22C, there is room to enter the "actual total average monthly expenditures" if one does not actually expend the amounts listed at lines 39 a-c. Debtor states that she actually expends $ 350 a month for health insurance.

The parties do not dispute that the difference between the $ 1,264 listed at Line 39 and Debtor's listed payroll deduction of $ 350 for health insurance on Schedule I is $ 914. The parties agree that the difference is the amount of the employer's contribution to the total health insurance premium. The parties agree that the health insurance expense of $ 1,264 at Line 39a

---

[6] Given the negative results from calculations on Form 22C and Schedule J, the court will not attempt to determine the monthly payment but will only address the propriety of including the given dollar amounts as part of the health insurance expense.

[7] *See* Dkt. No. 22. This entry was modified downward from the $ 1,280.14 figure listed on the original Form 22C filed with the petition. *Cf.* Dkt. No. 1 at Form 22C, Line 39.

is, therefore, the entire cost of the health insurance premium, representing the sum of the employer's direct contribution to the insurer and Debtor's portion of the premium deducted from her salary.

## DISCUSSION

Under Bankruptcy Code § 1325(b)(1)(B), in order for the court to confirm a plan over an objection by the Trustee or an unsecured claimant, the plan must propose to pay the claim in full or the plan must provide that "... all of the debtor's *projected disposable income* to be received in the applicable commitment period ... will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B) (emphasis added). For most debtors, projected disposable income is the "past average monthly disposable income multiplied by the number of months in a debtor's plan." *Hamilton v. Lanning*, __ U.S. __, 130 S.Ct. 2464, 2471 (June 7, 2010). However, "in exceptional cases, where significant changes in a debtor's financial circumstances are known or virtually certain, a bankruptcy court has discretion to make an appropriate adjustment." *Lanning*, 130 S.Ct. at 2471.

With reference to a debtor's monthly expenses, Bankruptcy Code section 707 (b)(2)(A)(1)(ii)(I) provides as follows:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense **amounts specified under the National Standards and Local Standards**, and the debtor's **actual monthly expenses for the categories specified** as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent. Such expenses shall include **reasonably necessary** health insurance, disability insurance, and health savings account expenses for the debtor, the spouse of the debtor, or the dependents of the debtor.

(emphasis added). In his objection to the amended plan, the Trustee argues that since Debtor's actual monthly health insurance expenditure is only $ 350.00 (as opposed to the $ 1,264

4

deducted at Line 39a), Debtor's disposable income "is actually higher than would otherwise be reflected in Line 59 [on Form 22C]." (Dkt. No. 28).[8] Trustee asserts that since Debtor did not include the employer paid benefits as income on Line 2 of Form 22C, the benefits may not then be deducted on Line 39. (Dkt. No. 30). Debtor argues that 11 U.S.C. § 707 (b)(2)(A)(1)(ii)(I) does not require that the expenses at Line 39 be the actual expenses, but more generally, *reasonably necessary*. (Dkt. No. 31). Debtor argues that the expense at Line 39 is reasonably necessary.

The relevant language at Line 39 has changed since Form 22C's first iteration after BAPCPA's effective date. The original Form 22C instructed the debtor to list the "average monthly amounts that you actually expend . . ." at Line 39. *See* 2008 COLLIER PAMPHLET EDITION BANKRUPTCY RULES, PART 2 at F-147. After the change to the form, the language at Line 39 is explicitly consistent with the statute, including expenses "that are reasonably necessary for yourself, your spouse, or your dependents." 2009 COLLIER PAMPHLET EDITION BANKRUPTCY RULES, PART 2 at F-125. The Trustee notes the change in the language (Dkt. No. 30), but does not agree with the Debtor's interpretation that it was intended to permit the deduction of the entire health insurance premium, including the employer-paid portion, to align with the language in Section 707(b). To support its interpretation, the Debtor cites to the treatise, Keith M. Lundin, CHAPTER 13 BANKRUPTCY, 3rd Edition at Section 380.1 (2000 and Supp. 2007-1). However, the Lundin treatise does not make any mention of whether an employer's contribution to a health insurance premium may be included at Line 39. Mr. Lundin notes that the change in language "expands the allowance at Line 39 to include spouses and dependents –

---

[8] The parties agree that the dispute is over the inconsistency between Schedule I and Form 22C. The parties have not addressed the additional monthly health insurance expense of $ 352 listed on Schedule J. If the Debtor has not done so already, Debtor should provide satisfactory documentation of the additional health insurance expense in excess of her payroll deduction to the Chapter 13 Trustee.

5

an important improvement over the [original] form. The deduction for a spouse's health insurance, disability insurance or health savings account is allowed by the statute and appropriate at Line 39 without regard to whether the spouse is a joint debtor." Lundin, Section 380.1 at 380-22. It is the Debtor's position that the analysis should not consider who makes the payments. The Debtor considers irrelevant whether a debtor supplies the total cost of insuring the family or benefits from an employer's contribution toward the health insurance expense.

The court rejects the Debtor's interpretation. To accept the Debtor's analysis and allow the deduction of an employer's contribution to a health insurance premium without otherwise accounting for that employee benefit as income would, in this court's opinion, improperly allow debtors to significantly reduce their disposable income contrary to the intent of the statute.

Accordingly, the Trustee's objection is sustained.

**SO ORDERED.**

Date: September 24, 2010
Syracuse, New York

Hon. Margaret Cangilos-Ruiz
United States Bankruptcy Judge